**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **In re Naturalization of Marcela Freimark,** | ) | Court File No. 01-686(DSD/SRN) |
| **Petitioner,** | ) | |
| **v.** | ) | |
| **Attorney General of the United States of America, acting through the United States Immigration and Naturalization Service,** | ) | **ORDER FOR EMERGENCY WRIT OF MANDAMUS** |
| **Respondent.** | ) | |

This matter came before the Court on April 23, 2001 at _______ on Ex Parte petitioner Marcela Freimark's petition for an emergency writ of mandamus. Ms. Freimark was represented by Hassan Saffouri, Borene Law Firm, P.A., Minneapolis, Minnesota. ~~The Attorney General of the United States was represented by~~ ______________________.

Having considered the submissions and arguments of counsel, and all of the files in this matter, the Court makes the following findings and conclusions.

**FINDINGS OF FACT**

1. Marcela Freimark ("Freimark") is a Mexican citizen with permanent resident status under U.S. law.

2. Freimark applied for naturalization with the Immigration and Naturalization Service ("INS") and was given a naturalization priority date of October 2, 2000.

3. Freimark appeared for a naturalization interview on Monday, April 16, 2001, at 1:50 p.m., at at the INS's District Office in Bloomington, Minnesota, as scheduled by the INS.

FILED APR 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 4-23-01
DEPUTY CLERK

4. Freimark was approved for naturalization by the INS.

5. After making an administrative request with the INS to expedite her naturalization ceremony, Freimark made a request to Chief Judge Paul A. Magnuson to do so. Chief Judge Magnuson, who was unavailable to review the request, forwarded it to Judge Donovan W. Frank for consideration.

6. Judge Frank reviewed Freimark's request, as well as additional information submitted to him by Freimark's counsel, relating to the urgency and compelling reasons for Freimark's request. Judge Frank "recognized that there are circumstances which make Ms. Freimark particularly anxious to take the oath of citizenship on or before April 27, 2001." He further noted that "given the urgency of the situation . . . that upon [Ms. Freimark's counsel's] submission of the appropriate documentation, the case should be immediately assigned to a judge who is available to consider the matter."

7. The Court finds that special circumstances exist as described in 8 U.S.C. § 1448(c).

## CONCLUSIONS OF LAW

1. Freimark is entitled to an expedited judicial oath administration ceremony pursuant to 8 U.S.C. § 1448(c) due to the existing special circumstances.

2. The INS is legally obligated to prepare the necessary information and documents for Freimark's judicial oath administration ceremony (including the documentation necessary to notify the Court that Freimark is eligible for admission to United States citizenship, a Certificate of Naturalization, and all

other related documents), and to provide them to the Court by no later than April 26, 2001.

**WHEREFORE, THE COURT HEREBY ORDERS THAT**

1. The Immigration and Naturalization Service shall prepare the necessary information and documents for Freimark's judicial oath administration ceremony (including the documentation necessary to notify the Court that Freimark is eligible for admission to United States citizenship, a Certificate of Naturalization, and all other related documents), and shall provide them to the Court as soon as is practicable, but in no event any later than April 26, 2001.

2. That a Judge of the District Court shall administer Freimark's judicial oath ceremony no later than April 27, 2001.

IT IS SO ORDERED:

Dated: April 23, 2001

Judge of the District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd